**BYRON G. MANROSE, FLORIDA INDUSTRIAL COMMISSION, v. MIAMI SHIPBUILDING CORPORATION, CASUALTY RECIPROCAL, EXCHANGE.**

23 So. (2nd) 733            June Term, 1945
October 2, 1945            Division A

*Raymond E. Barnes* and *William D. Barfield,* for appellant.
*McKay, Dixon & DeJarnette,* for appellees.

PER CURIAM:

On August 29, 1941, appellant was struck on the back of the neck by a plank and suffered temporary total disability for the periods of September 5, 1941 to October 26, 1941, July 13, 1943 to October 9, 1943 and February 18, 1943 to March 6, 1943. Appellant was a carpenter, earning thirty-six dollars ($36.00) per week at the time of his injury but when he returned to his job he was given employment of a different kind with increased pay.

On May 10, 1943, appellant requested a hearing for the purpose of establishing his claim for compensation though no such claim had been filed, evidence was taken, and the Deputy Commissioner found that appellant had sustained injury by accident arising out of his employment, that he had been fully compensated for resultant temporary total disability, that he had a permanent partial disability, though he had been paid full compensation by his employer, but was now entitled to compensation under the Workman's Compensation Act. The full Commission affirmed the award. The Circuit Court reversed the award of the full Commission, and this appeal was prosecuted.

The primary question for determination is whether or not appellant's claim for compensation was filed within the time required by the law.

The Statute, Section 440.28, Florida Statutes of 1941, provides in part that the Commission "may at any time prior to one year after the date of the last payment, or at any time prior to one year after the rejection of a claim, review a compensation case."

The appellant contends that the Commission may review a claim under this act any time during the 350 weeks compensation is allowed but we do not think this is the law. We think the one year period is mandatory and that appellant has failed to bring himself within this provision.

Affirmed.

CHAPMAN, C. J., TERRELL, BUFORD and ADAMS, JJ., concur.